**Melbourne Carlington TAYLOR, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–73666.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2016.*

Filed Feb. 23, 2016.

Matthew Harrison Green, Esquire, Law Offices of Matthew H. Green, Tucson, AZ, for Petitioner.

Melbourne Carlington Taylor, Eloy, AZ, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sheri Robyn Glaser, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,** District Judge.

## MEMORANDUM ***

Melbourne Taylor petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the denial of his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny his petition.

Substantial evidence supports the BIA's finding that Taylor failed to establish a nexus between his past persecution and his membership in a protected class. While Taylor presents at least some evidence that he was politically opposed to his persecutors, the record supports the BIA's conclusion that he was persecuted because he witnessed a crime and spoke to the police about it, not because he held certain political opinions.[1]

Substantial evidence also supports the BIA's finding that Taylor failed to establish government acquiescence in his torture. The record shows that the Jamaican police urged him to move to a safer location, then checked on him each day to make sure he was safe. Additionally, they apprehended and prosecuted two of the people involved in the murder he witnessed.

## PETITION DENIED.

---

** The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Taylor failed to argue to the BIA that he was persecuted for his membership in a particular social group—namely, witnesses to crimes—we may not consider this argument for the first time on his petition for review. *Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004).